### SILAS SANBORN *vs.* WILLIAM W. DENNIS.

The provision of *St.* 1853, *c.* 316, that a suit in equity for the redemption of a mortgage, commenced by bill inserted in a writ, shall not be deemed to be commenced until service of the writ, is not affected by *Sts.* 1855, *c.* 194, and 1856, *c.* 38, defining the general equity jurisdiction of this court in cases of fraud, mortgages, accident and mistake.

The neglect of a mortgagee in possession to render to the mortgagor on demand an account of the amount due on the mortgage is no reason for extending the time of redemption.

BILL IN EQUITY, inserted in a writ, dated February 5th 1856, and served on the defendant on the 8th of said February, and duly entered on the return day, for the redemption of land in Cambridge from a mortgage, under which the mortgagee had entered for foreclosure on the 8th of February 1853, and continued in possession till the assignment of his interest to the defendant, who had continued in possession ever since.

The defendant contended that the suit was brought too late, because no copy of the writ and of the description of the land had been deposited in the clerk's office within three days after the service, as required by *St.* 1853, *c.* 316. The plaintiff admitted that no such copy had been filed; but insisted that that statute had been repealed by *Sts.* 1855, *c.* 194, and 1856, *c.* 38, which declare that this court " shall have jurisdiction in equity in all cases of fraud, and of conveyances or transfers of real estate in the nature of mortgages," and " of accident or mistake," " where the party asking relief has not a plain, adequate and complete remedy at common law, with the powers belonging to said court in suits in equity ; " but neither of which contains any provisions as to service, or as to what shall be deemed the commencement of a suit.

The defendant admitted that within three years after the entry to foreclose, the plaintiff had requested him to render an account of the amount due under the mortgage, and that he had not complied with the request. The plaintiff contended that this neglect of the defendant to render an account had unfairly prevented him from redeeming, and that the time allowed him for redemption ought to be extended.

Parker *v.* Rugg.

But *Merrick,* J. ruled that the plaintiff could not support his bill on either ground, and reported the case to the full court.

*G. E. Betton,* for the complainant.

*J. A. Jacobs,* for the defendant.

BY THE COURT. The provision of *St.* 1853, *c.* 318, is explicit, that when a bill in equity for the redemption of a mortgage of real estate is inserted in a writ, the depositing of the writ or a copy thereof in the clerk's office shall be deemed the commencement of the suit, unless it is so deposited within three days after service, and in that case the service shall be deemed the commencement of the suit.

As it is admitted in this case, that the service was made on the last day of the three years, and no copy of the writ was deposited in the clerk's office within three days after that, the suit was commenced too late.

The *Sts.* of 1855, *c.* 194, and 1856, *c.* 38, defining the general equity jurisdiction of this court, do not affect this specific provision of the *St.* of 1853, *c.* 316. They are not upon the same subject matter.

There is no evidence of any fraud, mistake or accident, to require the interposition of a court of equity.

*Judgment for the defendant.*